Judge Robertson
delivered the opinion of the Court.
After the publication of notice, the county court of Woodford, at, the instance of David A. Shannon, discontinued the road in said county, leading from the Leestown road, to Cole’s ford, which had been established many years. The'road was established no farther than to the margin of Elkhorn, at the ford,
*219 Cole and O’Harra, who are represented by the record, as the proprietors of the land on Elkhorn, opposite to the termination of the road, objected to the occlusion by the county court, and have appealed from the order, to this cburt.
The case comes up for decision, on a motion to dismiss the appeal,on the ground, that the appellants have no right to prosecute it.
Unless the appellants, have some peculiar and exclusive interest, which has been affected, they have no right to question the act of the county court, by appeal or writ of error. Unless some franchise, or freehold to which they were entitled, can be shewn, to be violated by the order, they have no more right than any other citizens, to complain* The road did not, from any thing appearing in the record, pass through their land; and therefore the only loss to them, which can ensue from the order, is the obstruction of the right of way, which was common to them and- all others. The inconvenience resulting to them, may be greater, than that which others may experience; but it is not the degree, but the kind of damage which gives the right to ask a reversal of the order.
We need not decide whether the appellants could appeal, if the road had passed through their lands. Nor is it proper, now to decide, whether there can be any redress for the discontinuance,, by. a county court, of an established road. We have no do.ubt (hat there ought to be some remedy, for any abuse of the power to discontinue roads. It may be exercised without any good reason, and may be perverted to the great prejudice of individuals.
Nor have we any doubt,.that if the appellants had any right to make themselves parties to the record, they might appeal, as well as prosecute a writ of error. They could not sue out a writ of error, unless some private right of theirs were affected. If any such right exist, it is a franchise or freehold, which would, bring them within the letter of the act of assembly^ authorizing appeals.
But the interest exhibited by the record, is not such as will entitle them to a revision, by this court, of the order of the county court-.
The owner of 3aad °ve[. waypasseaj ** has not such an interest in to^ntitléhim to question by appealorwrit order of’a'8 county court, discontinuing such road or ® way‘
Haggin and Talbot, for appellants; Monroe and Marshall, for appellees.
For this reason alone, the appeal is dismissed.